PROVO CITY v. EVANS, City Recorder.

No. 5677. Decided July 16, 1935. (48 P. [2d] 555.)

A. V. *Watkins* and R. *Holbrook,* both of Provo, and *Fisher Harris* and *Grant Macfarlane,* both of Salt Lake City, and A. J. *Evans,* of Lehi, for plaintiff.

*Ingebretsen, Ray, Rawlins & Christensen,* of Salt Lake City, for defendant.

FOLLAND, Justice.

This case is similar in all respects to that of *Lehi City* v. *Meiling,* 87 U. 237, 48 P. (2d) 530, this day decided, with the exception that in this case the boundaries of the Provo Metropolitan Water District are coterminus with the city limits of Provo City, while in the Lehi Case the district was proposed to be composed of five municipalities. The defendant here refused to publish the ordinance passed by the board of commissioners of Provo City calling for an election of all qualified electors in that city to determine whether or not the territory lying within the corporate boundaries of the city should be formed and incorporated into a metropolitan water district.

His reason for so refusing was that the Metropolitan Water District Act (Laws 1935, c. 110) is unconstitutional and void, and he urges the same arguments as offered in the case of *Lehi* v. *Meiling,* supra, argued and submitted with this case.

In the Lehi Case we discussed all the objections urged against the validity of the act. The only additional feature here is the fact that the proposed Provo Metropolitan Water District will embrace only one municipality, rather than 'many as in the Lehi Case. It was conceded by all counsel, and we are inclined to agree with them, that on the question of legislative power it is not material whether the district be composed of the area included within one city or of many cities and towns. The decision in the Lehi Case is therefore controlling here.

The writ of mandate heretofore issued is made permanent, and the city recorder is hereby directed to proceed with the publication of the city ordinance described in the alternative writ of mandate.

ELIAS HANSEN, C. J., concurs.

WOLFE, Justice (concurring specially).

While, in the case where a metropolitan district embraces exactly the same territory as a city, the purpose of combining the resources of various towns and cities does not appear, yet from a close study of the act that purpose is still apparent, in that water districts thereunder may pool their resources and combine for the performance of municipal functions too great for any singly to undertake.

Moreover, holding as I have that a public entity or agency with power to exercise one or more proprietary municipal functions is not a municipal corporation as meant by article 14 where it has not the power locally to legislate or govern in the manner characteristic and traditionally thought of as the primary purpose of municipal corporations, I see nothing which has been urged which prevents the Legislature from authorizing such an entity as is contemplated by the ordinance before us in this case to be formed.

MOFFAT, Justice (dissenting).

I dissent for the reasons stated in the case of *Lehi City* v. *Meiling,* 87 U. 237, 48 P. (2d) 530, just decided.

EPHRAIM HANSON, Justice (dissenting).

I dissent for the reasons stated by Mr. Justice MOFFAT in his dissenting opinion in the case of *Lehi City* v. *Meiling,* 87 U. 237, 48 P. (2d) 530, just decided.